11-72-ag
Li v. Holder

BIA
Nelson, IJ
A089 250 638

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of August, two thousand twelve.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

HAOLIN LI,
> *Petitioner,*

> v.                                    11-72-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Matthew J. Harris, Long Island City, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Jonathan Robbins, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Haolin Li, a native and citizen of the People's Republic of China, seeks review of a December 17, 2010, order of the BIA affirming the February 17, 2009, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Haolin Li*, No. A089 250 638 (B.I.A. Dec. 17, 2010), *aff'g* No. A089 250 638 (Immig. Ct. N.Y. City Feb. 17, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Substantial evidence supports the agency's conclusion that Li failed to provide sufficient corroborating evidence to support his claim that he would face persecution or torture as a Chinese Democracy Party ("CDP") member. Under the REAL ID Act, which applies in this case, "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if . . . the applicant's testimony is credible, is persuasive, and

2

refers to specific facts . . . . In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(ii). It was not unreasonable for the agency to require further corroborating evidence, as Li's testimony was sparse and vague, and the corroborative documents Li did present failed to mention key parts of his claim-including his arrest and detention by Chinese officials. *See* 8 U.S.C. § 1158(b)(1)(B)(i).

The agency's determination that a particular piece of corroborating evidence was reasonably available and should have been presented is a finding of fact, which we review under the substantial evidence standard, and will not reverse unless a reasonable trier of fact would be compelled to conclude that such corroborating evidence is unavailable. *See* 8 U.S.C. § 1252(b)(4); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 563, 568 (2d Cir. 2006).

Here, the agency identified the type of corroborating evidence that Li should have presented to corroborate his claim, including eyewitness accounts of his arrest (by his wife), evidence of physical injury, or any medical treatment he received. Li made no effort to corroborate his claim

with this evidence, stating instead that he did not know why his wife failed to mention his arrest in her supporting letters, and alternatively that his wife's letters only discussed events that occurred after he departed China. The agency reasonably rejected this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (the agency need not credit an applicant's explanations unless a reasonable fact-finder would be compelled to do so).

Li further argues that he should not be required to submit corroborative evidence of his arrests from his persecutors, the Chinese government. However, the pieces of additional corroborative evidence that the agency identified could be obtained without interaction with the Chinese government and thus Li's argument on this account is unavailing. Consequently, substantial evidence supports the agency's determination that Li could reasonably provide corroborative evidence as well as its decision to decline to credit his explanations for why he did not provide such evidence.

Moreover, as the agency found that Li had not sufficiently corroborated his past persecution claim, the agency reasonably found that Li had failed to establish a

4

well-founded fear of persecution because there was no indication that Chinese authorities were aware that Li had previously distributed CDP literature in China or that they were aware of his activities in the United States, because his activities were not published on the internet and he was difficult to identify in pictures. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities."). As the agency did not err in concluding that Li failed to establish past persecution or a well-founded fear of future persecution if returned to China, it did not err in denying his application for withholding of removal, and CAT relief insofar as these claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006) (CAT relief).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

5

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk